IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BYRON HICKEY, | : | |
| | : | |
| Plaintiff, | : | Civil Action Number: |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES ADVANCED NETWORK, INC. d/b/a USAN, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Byron Hickey (hereafter "Hickey") submits this Complaint against United States Advanced Network, Inc. d/b/a USAN (hereafter "USAN") and shows the Court as follows:

## Introduction

1.

This action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.*, as amended, (USERRA) to redress the termination of his employment because of his reserve status in the United States National Guard.

**Jurisdiction and Venue**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, 38 U.S.C. § 4323(a)(3) and 28 U.S.C. § 1331, because this case arises under USERRA, a federal statute enacted pursuant to War Powers Clause of the Constitution.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims herein arose in this judicial district.

**Parties**

4.

Plaintiff Hickey resides within Columbia County, Georgia.

5.

USAN is a Domestic Profit Corporation organized under the laws of the State of Georgia.

6.

USAN is subject to the personal jurisdiction of this Court.

7.

At all times material hereto, USAN has been an organization that pays wages for work performed or that has control over employment opportunities. As

such, at all times material hereto, USAN has been a covered "employer" as defined by 38 U.S.C. § 4303(4).

8.

At all times material hereto, Hickey was a "covered employee" within the meaning of USERRA, 38 U.S.C. § 4303(3).

9.

USAN may be served with process through its registered agent, Julie C. Harris, 2160 Kingston Court, SE, Suite I, Marietta, Georgia 30067.

**Factual Allegations**

10.

USAN provides cloud-based customer engagement solutions and support.

11.

USAN employed Hickey from August 13, 2019 until September 23, 2019.

12.

USAN employed Hickey at its office located at 3080 Northwoods Circle, NW, Norcross, Georgia 30071.

13.

USAN hired Hickey to serve as an Internal Applications Administrator.

14.

Hickey enlisted in the United States National Guard as a reserve soldier in November 2016.

15.

At all times material hereto, USAN has been aware that Hickey has been a reserve soldier with the United States National Guard.

16.

Upon hire, Hickey advised USAN that he expected to be away from work for an upcoming training but did not know when that training would start.

17.

At all times material hereto, USAN has been aware that Hickey's reserve soldier status required that he be away from work from time to time for training, drills, and other military related service.

18.

On September 23, 2019, Hickey received correspondence from the Department of the Army National Guard Bureau advising that he was required to report for Active Duty for Training on October 10, 2019.

19.

On the morning of September 23, 2019, Hickey advised his direct supervisor John Mabry of his military orders to report for Active Duty for Training.

20.

In the afternoon on September 23, 2019, Hickey was advised that he was terminated.

21.

When Hickey asked his direct supervisor John Mabry why he was being terminated, Mr. Mabry advised him that he was not a "good fit" for the company.

22.

Prior to USAN terminating his employment, USAN had counseled Hickey for carrying a large water jug into a meeting and for chewing tobacco.

23.

After USAN counseled Hickey for carrying a large water jug into a meeting and for chewing tobacco, he did not repeat these actions.

24.

USAN's purported reasons for Hickey's termination were pretextual. In reality, USAN terminated Hickey for exercising his rights under USERRA including, but not limited to, his right to take leave from his employment to tend to military related responsibilities, his right to deploy pursuant to valid orders, and his right to be reinstated after completion of his military duties.

25.

USAN would not have terminated Hickey on September 23, 2019 but for Hickey's request for military leave of absence for training.

26.

Hickey's termination was in bad faith and in direct violation of his rights under USERRA.

27.

As the direct and foreseeable result of USAN's above-stated actions, Hickey has been deprived of employment opportunities, wages, health care insurance benefits and retirement benefits.

## Count One – Interference with Rights Protected by USERRA

28.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

29.

Hickey is entitled to the benefits and protections of USERRA on account of his service in the uniformed services of the United States.

30.

By notifying USAN on the same day as he learned of his upcoming training, drills, and other military related duties, Hickey gave proper notice of his need for military leave under USERRA.

31.

By notifying his direct supervisor John Mabry on the same day as Hickey learned of his upcoming training, Hickey gave proper notice of his need for military leave under USERRA.

32.

USAN's actions constitute willful interference in Hickey's rights under USERRA including, but not limited to 38 U.S.C. § 4316(b)(1)(A).

33.

USAN's actions have deprived Hickey of his income, health insurance, prospective retirement benefits, social security, and other benefits due to him.

34.

As a legal consequence of USAN's unlawful conduct, Hickey is entitled to both equitable and monetary relief for USAN's violation of USERRA, as set out at USERRA, 38 U.S.C. § 4323(d)(1), including, but not limited to, back pay, reinstatement or front pay, liquidated damages and reimbursement for his reasonable attorneys' fees and costs of litigation.

## Count Two – Discrimination In Violation of USERRA

35.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

36.

USERRA prohibits USAN from discriminating against any person because such person exercised a right provided by USERRA.  (38 U.S.C. § 4311(a) and (b)).

37.

USAN willfully discriminated against Hickey in violation of 38 U.S.C. § 4311(b) when it terminated his employment on September 23, 2019 – the same day he notified his employer of his need for USERRA leave.

38.

As a legal consequence of USAN's unlawful conduct, Hickey is entitled to both equitable and monetary relief for USAN's violation of USERRA, as set out at USERRA, 38 U.S.C. § 4323(d)(1)(C), including, but not limited to, back pay, reinstatement or front pay, liquidated damages and reimbursement for his reasonable attorneys' fees and costs of litigation.

**Count Three – Retaliation In Violation Of USERRA**

39.

The allegations in all previous paragraphs are incorporated herein by reference as if fully set out in this paragraph.

40.

USERRA prohibits USAN from taking adverse employment action against any person because such person exercised a right provided by USERRA (38 U.S.C. § 4311(b)).

41.

USAN willfully retaliated against Hickey in violation of 38 U.S.C. § 4311(b) when it terminated Hickey on September 23, 2019 – the same day he notified his employer of his need for USERRA leave.

42.

As a legal consequence of USAN's unlawful conduct, Hickey is entitled to both equitable and monetary relief for USAN's violation of USERRA, as set out at USERRA, 38 U.S.C. § 4323, including, but not limited to, back pay, reinstatement or front pay, liquidated damages and reimbursement for his reasonable attorneys' fees and costs of litigation.

WHEREFORE, Hickey respectfully requests that the Court enter judgment against USAN as follows:

1. Declaring that USAN's failure to grant Hickey leave for the purpose of training, drills, and other military related service is unlawful and in violation of USERRA;

2. Declaring that USAN's failure to retain Hickey, an active duty member of the United States National Guard, in its employ is unlawful and in violation of USERRA;

3. Declaring that USAN's termination of Hickey constitutes unlawful discrimination against Hickey in violation of USERRA;

4. Declaring that USAN's termination of Hickey constitutes unlawful retaliation against Hickey in violation of USERRA;

5. Ordering that USAN fully comply with USERRA by reinstating Hickey at the level of seniority, status and compensation he enjoyed at the time of his discharge, or provide appropriate front pay;

6. Ordering that USAN be enjoined from engaging in further unlawful employment practices in violation of the USERRA;

7. Ordering that USAN pay Hickey appropriate compensatory damages pursuant to 38 U.S.C. § 4323(d)(1)(B), sufficient to make Hickey whole for lost pay, lost health care insurance benefits and lost retirement benefits, and other out of pocket losses, together with pre-judgment interest thereon, incurred as a result of USAN's unlawful employment practices in violation of the USERRA;

8. Ordering USAN pay Hickey liquidated damages pursuant to 38 U.S.C. § 4323(d)(C);

9. Ordering that USAN reinstate Hickey to the position of Internal Applications Administrator, without loss of work hours or pay;

10. Enjoining USAN from taking any employment action against Hickey that fails to comply with the provisions of USERRA;

11. Ordering that USAN reimburse Hickey for his costs of litigation, including his reasonable attorneys' fees and expert witness fees, pursuant to 38 U.S.C. § 4323(h)(2); a

12. Awarding a jury trial on all issues triable by a jury;

13. Awarding nominal damages; and

14. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888
Charles R. Bridgers
Georgia Bar No. 080791

101 Marietta Street, NW
Suite 2650
Atlanta, GA 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

Counsel for Plaintiff